IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RICHARD URESTI,** | ) FILED:   JUNE 26 , 2008 |
| | )           08CV3656 |
| **Plaintiff,** | )           JUDGE GOTTSCHALL |
| | )           MAGISTRATE JUDGE KEYS |
| v. | )           NF |
| | ) |
| **MSI TESTING & ENGINEERING, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the Plaintiff, RICHARD URESTI ("URESTI"), by his attorneys, KIMMEL & KIEFER, P.C., and for his Complaint against MSI TESTING & ENGINEERING, INC. ("MSI") states the following:

### JURISDICTION

1. This action arises pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621 et seq. ("ADEA") and pursuant to Illinois statute.

2. This Court has jurisdiction pursuant to 29 U.S.C. §626 et seq. of the ADEA, and the doctrine of pendent jurisdiction.            .

3. Plaintiff is a resident of Lyons, Illinois and is a citizen of the State of Illinois.

4. On information and belief, Defendant MSI is an Illinois corporation licensed to do business in the state of Illinois and doing business in the State of Illinois in Melrose Park, Illinois.

5. At all times relevant, Defendant has employed 20 or more employees. The Defendant was and is, therefore, an employer as defined by Section 11(b) of the ADEA, 29 U.S.C. §630(b).

6. At all times relevant to this Complaint, Defendant was engaged in an industry affecting commerce as defined in by Section 11(b) of the ADEA, 29 U.S.C. §630(b).

## ADMINISTRATIVE PREREQUISITES

7. In or about November 19, 2007, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") which was cross-filed with the Illinois Department of Human Rights ("IDHR"). The charge alleged discrimination on the basis of age. A true and complete copy of the charge of discrimination is attached hereto as Exhibit A.

8. Plaintiff is informed and believes that the EEOC or the IDHR sent a notice of the charge to Defendant and that the Defendant has received notice of same.

9. On March 25, 2008, the EEOC issued a Notice of Right to Sue letter, which was received by counsel for Plaintiff on March 28, 2008. A true and complete copy of which is attached hereto as Exhibit B.

10. The EEOC, the Plaintiff and a representative of Defendant have had an opportunity to participate in conciliation of the charges during the period of time that the charge has pended with both agencies, without reaching agreement.

11. The EEOC has not filed suit concerning the matters described in the charge.

## COUNT I

## DISCRIMINATION BASED ON AGE

12. Plaintiff was hired by MSI in January 2005 as a Shop Supervisor.

13. In April 2007, upon return from his vacation, Plaintiff was told that he was demoted from Shop Supervisor to Senior Machinist.

14. On August 2, 2007 Plaintiff was terminated for alleged insubordination. However, the one of the employees, Orlando (under 40), has hung a noose over a black employee's work area and has used the "N" word on several occasions throughout the

workplace and in front of management. Although he has been written up for these incidents, he is still working at MSI. In fact, Orlando has bragged about the fact that he can get away with this type of behavior.

15. Plaintiff was discriminated against based on his age, Plaintiff being over the age of forty (DOB: 7/2/62), in violation of the ADEA.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enjoin Defendant Company from discriminating on the basis of age in the terms and conditions of employment of its employees;

B. Award, against the Defendant Company and in favor of Plaintiff actual damages for loss of revenue, including back pay, incurred by the Plaintiff as a result of the discrimination against him;

C. Award, against the Defendant Company and in favor of Plaintiff compensation for the loss of benefits resulting from his termination;

D. Award Plaintiff liquidated damages as provided by the ADEA;

E. Award Plaintiff reasonable attorney fees and other costs incurred by this action; and

F. Award Plaintiff such other and further relief as may be equitable and just.

## COUNT II

### CLAIM FOR RETALIATORY DISCHARGE

16. Plaintiff hereby incorporates paragraphs 1 through 15 into this paragraph 16.

17. On July 27, 2007, Plaintiff suffered a work related injury.

18. On July 30, 2007, Plaintiff sought medical treatment for the injury at a hospital.

19. On August 1, 2007, Plaintiff reported back to work and informed the Defendant that he needed to be on light duty.

20. On August 2, 2007, Plaintiff was terminated.

21. At the time of his termination, the Defendant was aware that Plaintiff had suffered a work related injury and that he intended to assert his rights under the Illinois Workers' Compensation Act.

22. The Illinois Workers' Compensation Act states the following:

It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company, to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act.  (820 ILCS 305/4(h).

23. Plaintiff was an employee covered and protected under the Illinois Workers' Compensation Act.

24. Plaintiff was discharged because he had notified the Defendant of his work related injury, and that he intended to pursue his rights under the Act in violation of 820 ILCS 305/4(h).

WHEREFORE, Plaintiff requests that this honorable Court enter an order in Plaintiff's favor:

A. Awarding Plaintiff compensatory damages for all of the back pay, benefits, and all other proximate damages incurred by Plaintiff as a result of the Defendant Company's unlawful discharge of Plaintiff;

B. Granting Plaintiff an award of punitive damages against Defendant Company in an amount sufficient to protect Illinois citizens and Illinois public policy from

4

the likelihood that the Defendant Company will continue to retaliate against employees who exercise their right to file worker's compensation for work related injuries.

      C.      Granting Plaintiff whatever other relief that the Court deems just and equitable.

## JURY DEMAND

25.      Plaintiff demands trial by jury.

Respectfully submitted,

By:___/s/ Lesa S. Kiefer_____
   Lesa S. Kiefer, one of the attorneys
   appearing on behalf of Richard Uresti

**KIMMEL & KIEFER, P.C.**
**130 North Cuyler Avenue**
**Suite 200**
**Oak Park, Illinois  60302**
**(708) 386-9791**

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2008-00911 |

Illinois Department Of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Richard Uresti | (708) 447-6608 | 07/02/62 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4119 S. Elm Avenue | Lyons, IL 60534 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| MSI Testing & Engineering | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 1390 N. 25th Avenue | Melrose Park, IL 60160 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest _____ Latest _____
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by MSI on January, 2005 as a Shop Supervisor. In April 2007, upon return from my vacation, I was told that I was demoted from Shop Supervisor to Senior Machinist.

On August 2, 2007 I was terminated for alleged insubordination. However, the one of the employees, Orlando (under 40), has hung a noose over a black employee's work area and has used the "N" word on several occasions throughout the workplace and in front of management. Although he has been written up for these incidents, he is still working at MSI. In fact, Orlando has bragged about the fact that he can get away with this type of behavior.

I believe that I have been discriminated against based on my age (45 at the time of my termination), in violation of the Age Discrimination in Employment Act.

**Exhibit A**

RECEIVED EEOC
NOV 19 2007
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

11-8-07  X Richard Uresti
Date     Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Richard Uresti
4119 S. Elm Avenue
Lyons, IL 60534

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

CERTIFIED MAIL 7099 3400 0018 8814 9379

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-00911 | Rachel Lowell, Investigator | (312) 353-2401 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_John P. Rowe_   5/25/08

John P. Rowe,
District Director

(Date Mailed)

Enclosures(s)

cc:   MSI TESTING & ENGINEERING

**Exhibit B**