IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RICHARD URESTI,** ) | |
| ) | |
| **Plaintiff,** ) | 08 CV 3656 |
| ) | |
| v. ) | Judge Gottschall |
| ) | Magistrate Judge Keys |
| **MSI TESTING & ENGINEERING, INC.,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

NOW COMES MSI Testing & Engineering, Inc., ("DEFENDANT" OR "MSI"), by and through its attorneys, FUCHS & ROSELLI, LTD., and as and for its *Answer to Complaint*, states as follows:

### JURISDICTION

1. This action arises pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621 et seq. ("ADEA") and pursuant to Illinois statute.

**ANSWER:** **DEFENDANT denies that any action has arisen, and therefore denies the allegations set forth in Paragraph 1 of the COMPLAINT.**

2. This Court has jurisdiction pursuant to 29 U.S.C. §626 et seq. of the ADEA, and the doctrine of pendent jurisdiction.

**ANSWER:** **DEFENDANT denies that any action has arisen, and therefore denies the allegations set forth in Paragraph 2 of the COMPLAINT.**

3. Plaintiff is a resident of Lyons, Illinois and is a citizen of the State of Illinois.

**ANSWER:** **DEFENDANT lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 3, and therefore, DEFENDANT denies the allegations set forth in Paragraph 3 of the COMPLAINT.**

4. On information and belief, Defendant MSI is an Illinois corporation licensed to do business in the state of Illinois and doing business in the State of Illinois in Melrose Park, Illinois.

**ANSWER:** **DEFENDANT admits the allegations set forth in Paragraph 4 of the COMPLAINT.**

5. At all times relevant. Defendant has employed 20 or more employees. The Defendant was and is, therefore, an employer as defined by Section 11(b) of the ADEA, 29 U.S.C. §630(b).

**ANSWER:** **DEFENDANT admits the allegations set forth in Paragraph 5 of the COMPLAINT.**

6. At all times relevant to this Complaint, Defendant was engaged in an industry affecting commerce as defined in by Section 11(b) of the ADEA, 29 U.S.C. §630(b).

**ANSWER:** **DEFENDANT admits the allegations set forth in Paragraph 6 of the COMPLAINT.**

## ADMINISTRATIVE PREREQUISITES

7. In or about November 19, 2007, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") which was cross-filed with the Illinois Department of Human Rights ("IDHR"). The charge alleged discrimination on the basis of age. A true and complete copy of the charge of discrimination is attached hereto as Exhibit A.

**ANSWER:** **DEFENDANT admits the allegations set forth in Paragraph 7 of the COMPLAINT.**

8. Plaintiff is informed and believes that the EEOC or the IDHR sent a notice of the charge to Defendant and that the Defendant has received notice of same.

**ANSWER:** **DEFENDANT admits the allegations set forth in Paragraph 8 of the COMPLAINT.**

9. On March 25, 2008, the EEOC issued a Notice of Right to Sue letter, which was received by counsel for Plaintiff on March 28, 2008. A true and complete copy of which is attached hereto as Exhibit B.

**ANSWER: DEFENDANT admits the allegations set forth in Paragraph 9 of the COMPLAINT.**

10. The EEOC, the Plaintiff and a representative of Defendant have had an opportunity to participate in conciliation of the charges during the period of time that the charge has pended with both agencies, without reaching agreement.

**ANSWER: DEFENDANT denies the allegations set forth in Paragraph 10 of the COMPLAINT.**

11. The EEOC has not filed suit concerning the matters described in the charge.

**ANSWER: DEFENDANT admits the allegations set forth in Paragraph 11 of the COMPLAINT.**

## COUNT I

## DISCRIMINATION BASED ON AGE

12. Plaintiff was hired by MSI in January 2005 as a Shop Supervisor.

**ANSWER: DEFENDANT denies the allegations set forth in Paragraph 12 of the COMPLAINT.**

13. In April 2007, upon return from his vacation, Plaintiff was told that he was demoted from Shop Supervisor to Senior Machinist.

**ANSWER: DEFENDANT denies the allegations set forth in Paragraph 13 of the COMPLAINT.**

14. On August 2, 2007 Plaintiff was terminated for alleged insubordination. However, the one of the employees, Orlando (under 40), has hung a noose over a black employee's work area and has used the "N" word on several occasions throughout the workplace and in front of management. Although he has been written up for these incidents, he is still working at MSI. In fact, Orlando has bragged about the fact that he can get away with this type of behavior.

**ANSWER:  DEFENDANT admits that Plaintiff was terminated on August 2, 2007 for cause, inclusive of which was insubordination.  Defendant denies the remainder of the allegations set forth in Paragraph 14 of the COMPLAINT.**

15. Plaintiff was discriminated against based on his age, Plaintiff being over the age of forty (DOB: 7/2/62), in violation of the ADEA.

**ANSWER:  DEFENDANT denies the allegations set forth in Paragraph 15 of the COMPLAINT.**

   WHEREFORE, MSI respectfully requests that this Honorable Court:

   A.   Dismiss PLAINTIFF'S COMPLAINT with prejudice; or, in the alternative, enter judgment on the COMPLAINT in favor of MSI and against PLAINTIFF;

   B.   Award MSI its costs of suit and attorneys' fees incurred in connection with this lawsuit to the extent permitted by law; and

   C.   Provide MSI with such other and further relief as this Court deems appropriate and just.

## COUNT II

### CLAIM FOR RETALIATORY DISCHARGE

16. Plaintiff hereby incorporates paragraphs 1 through 15 into this paragraph 16.

**ANSWER:  DEFENDANT incorporates and restates its responses to the allegations set forth in Paragraphs 1-15 of the COMPLAINT as and for its response to Paragraph 16 of the COMPLAINT.**

17. On July 27, 2007, Plaintiff suffered a work related injury.

**ANSWER:  DEFENDANT denies the allegations set forth in Paragraph 17 of the COMPLAINT.**

18. On July 30, 2007, Plaintiff sought medical treatment for the injury at a hospital.

**ANSWER:** **DEFENDANT lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 18 and therefore denies the allegations set forth in Paragraph 18 of the COMPLAINT.**

19.   On August 1, 2007, Plaintiff reported back to work and informed the Defendant that he needed to be on light duty.

**ANSWER:** **DEFENDANT denies the allegations set forth in Paragraph 19 of the COMPLAINT.**

20.   On August 2, 2007, Plaintiff was terminated.

**ANSWER:** **DEFENDANT admits the allegations set forth in Paragraph 20 of the COMPLAINT.**

21.   At the time of his termination, the Defendant was aware that Plaintiff had suffered a work related injury and that he intended to assert his rights under the Illinois Workers' Compensation Act.

**ANSWER:** **DEFENDANT denies the allegations set forth in Paragraph 21 of the COMPLAINT.**

22.   The Illinois Workers' Compensation Act states the following:

> It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company, to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act.  (820 ILCS 305/4(h).

**ANSWER:** **DEFENDANT admits the allegations set forth in Paragraph 22 of the COMPLAINT.**

23.   Plaintiff was an employee covered and protected under the Illinois Workers' Compensation Act.

**ANSWER:** **DEFENDANT denies the allegations set forth in Paragraph 23 of the COMPLAINT as they call for a legal conclusion.**

24.    Plaintiff was discharged because he had notified the Defendant of his work related injury, and that he intended to pursue his rights under the Act in violation of 820 ILCS 305/4(h).

**ANSWER:** **DEFENDANT denies the allegations set forth in Paragraph 24 of the COMPLAINT.**

**WHEREFORE,** MSI respectfully requests that this Honorable Court:

A.    Dismiss PLAINTIFF'S COMPLAINT with prejudice; or, in the alternative, enter judgment on the COMPLAINT in favor of MSI and against PLAINTIFF;

B.    Award MSI its costs of suit and attorneys' fees incurred in connection with this lawsuit to the extent permitted by law; and

C.    Provide MSI with such other and further relief as this Court deems appropriate and just.

## AFFIRMATIVE DEFENSES

1.    Plaintiff was terminated for cause as defined by the ADEA, and, therefore, has no claim under the ADEA.

2.    Through his own admission, Plaintiff did not suffer a work related injury and therefore, could not have been discharged in retaliation for disclosing one.

3.    At the time of his termination, Plaintiff had not exercised nor had he indicated he was going to exercise any right under the Workmen's Compensation Act, and, therefore, no claim for the tort of retaliatory discharge can be levied against Defendant.

Respectfully submitted,

**MSI TESTING & ENGINEERING, INC.**

By:    \s\ David R. Buetow
One of Its Attorneys

David R. Buetow, Esq. (#6228923)
FUCHS & ROSELLI, LTD.
440 W. Randolph Street, Suite 500
Chicago, Illinois 60606
(312) 651-2400

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD URESTI,** <br><br> *Plaintiff*, <br><br> v. <br><br> **MSI TESTING & ENGINEERING, INC.** <br><br> *Defendant*. | Case No. 08CV3656 <br><br> Judge Gottschall <br> Magistrate Judge Keys |

## NOTICE OF FILING

To: Lesa S. Kiefer, Esq.
   KIMMEL & KIEFER, P.C.
   130 North Cuyler Avenue
   Suite 200
   Oak Park, Illinois  60302

**PLEASE TAKE NOTICE** that on August 27, 2008, I caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, the following documents, a copy of each of which is attached hereto and hereby served upon you:

- *Appearance of David R. Buetow*; and
- *Answer and Affirmative Defenses to Complaint.*

　　　　　　　　　　　　　　　　　　　　\s\ David R. Buetow
　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

## CERTIFICATE OF SERVICE

The undersigned attorney on oath states that he caused a copy of the foregoing Notice and referenced document(s) to be served on the person(s) to whom it is directed by electronic service, U.S. Mail, facsimile and/or email on August 27, 2008.

　　　　　　　　　　　　　　　　　　　　\s\ David R. Buetow
　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

David R. Buetow (06228923)
FUCHS & ROSELLI, LTD.
440 West Randolph Street, Suite 500
Chicago, Illinois 60606
Tel: (312) 651-2400
Fax: (312) 651-2499